**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF ALABAMA**

In re                                             Case No. 04-10808-WRS
                                                  Chapter 13
GARY DOUGLAS LOLLEY
KELLEY KATRINA LOLLEY,

     Debtors

## MEMORANDUM DECISION

This Chapter 13 case came before the Court for an evidentiary hearing on October 6, 2004, for confirmation of the Debtor's Plan. Earlene Varney objects to confirmation of the Plan. (Doc. 14, 28). The Debtor was present by counsel Collier H. Espy, Jr., and Earlene Varney was present by counsel Thadius W. Morgan, Jr.

The Debtor's Plan proposes to pay $1,600.00 per month for 12 months, increasing to $1,900.00 per month for an additional 44 months. The Plan indicates that Varney is owed $197,294.00 which is secured only to the extent of collateral with a value of less than $17,000.00. (Doc. 20). The Debtor proposes to surrender the collateral in full satisfaction of the debt owed. Varney contends that this Plan is filed in bad faith and that the collateral is undervalued.

When this matter was called for hearing, counsel offered competing appraisals into evidence and did not offer anything more. The Debtor's appraisal indicates a value of $135,000.00, while Varney's appraisal indicates a value of $212,000. 00. The parties have not offered anything further as to why one appraisal rather than the other is correct, leaving it to the Court to divine and answer. Having reviewed this matter, the Court is of the view that it is not necessary to determine which appraisal is correct.

Varney is owed $197,294.00. (Claim No. 12). This indebtedness appears to be secured by a security interest in certain equipment used in the Debtor's business.[1] If we assume that the Debtor's valuation is correct, Varney will realize no more than $17,000.00 on her $197,000.00 claim. The Court is of the view that this proposal is not in good faith. See, 11 U.S.C. § 1325(a)(3). As the Plan is not proposed in good faith, it will not be confirmed. The Court will, by a separate order, set this Chapter 13 case for a show cause hearing, requiring the Debtors to appear and show cause why this case should not be dismissed.

Done this 12th day of November, 2004.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Collier H. Espy Jr., Attorney for Debtor
Thadius W. Morgan Jr., Attorney for Varney
Curtis C. Reding, Trustee

---

[1] Varney did not provide any evidence showing that her security interest is perfected. See, Rule 3001(d), Fed. R. Bankr. P. As the Debtor has not objected to Varney's claim of a security interest, the Court will assume, for the purposes of this contested matter only, that Varney's security interest is in fact perfected.